per curiam:
The present case is before the court on cross-motions for summary judgment by the parties. We must consider a decision of the Armed Services Board of Contract Appeals, reported as FFR Building Specialties Corp. v. United States Army, ASBCA No. 23187, 80-1 BCA ¶ 14,326 (1980). Our review of this decision is governed by the *539 standards of the Wunderlich Act, 41 U.S.C. §§ 321, 322 (1976).
On August 25, 1977, the U. S. Army Procurement Division, Fort Dix, New Jersey, issued an invitation for bids to replace the built-up roofing on 31 buildings. Revisions and additions to the invitation for bids were made on December 1, 1977. A General Note to the contract drawings was revised to read as follows:
Existing roofing material and insulation to be completely removed and replaced as noted with new 4 ply built up slag roof and insulation in accordance with specifications. Where existing gypsum or lightweight insulating concrete exists, surface shall be patched and a new 4 ply built up slag roof shall be installed without new insulation as specified.
An addendum, describing the existing roof construction, disclosed the following with reference to three of the buildings:

Existing Roof Construction:

Built-up Roof w/Gravel on 2" Rigid Insulation on Lt. Wt. Concrete Deck.
Plaintiff, in computing its bid, concluded that there was no difference between "lightweight insulating concrete” and "Lt. Wt. concrete,” and did not make any provision for replacing the insulation on these three buildings.
On February 1, 1978, the contract was awarded to plaintiff. Thereafter, the contracting officer required plaintiff to install new insulation on the three buildings. Plaintiff complied under protest and subsequently filed a claim for equitable- adjustment for alleged extra work which it asserted was not required under the contract.
The board determined that the term "Lt. Wt. concrete” as used in the contract constituted a patent ambiguity since it could mean either of two mutually exclusive concepts applicable to the concrete’s use or purpose. Therefore, plaintiff was obligated to inquire as to the actual intended use of the lightweight concrete. Since plaintiff had not done so, it was not entitled to recover. Robert L. Guyler Co. v. United States, 219 Ct. Cl. 403, 593 F.2d 406, cert. denied, 444 U.S. 843 (1979); S.O.G. of Arkansas v. United States, 212 Ct. *540 Cl. 125, 546 F.2d 367 (1976); Wickham Contracting Co. v. United States, 212 Ct. Cl. 318, 546 F.2d 395 (1976); Burnett Electronics Lab., Inc. v. United States, 202 Ct. Cl. 463, 479 F.2d 1329 (1973).
We find no error in this and it is the only issue the parties debate here. Therefore, we affirm the board decision and adopt it as our own statement of reasons. It is supported by substantial evidence, is not arbitrary or capricious, and is not contrary to law. The board decision is not appended hereto because it has been published, as cited above.
Accordingly, on review of the board decision, the record and briefs, and upon oral argument by counsel, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.